# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT HUBAL** <br><br> vs. <br><br> **COOPERATIVE REGIONS OF ORGANIC PRODUCER POOLS** | <br><br><br><br> **CIVIL ACTION NO. 17-1155** |

### DEFENDANT COOPERATIVE REGIONS OF ORGANIC PRODUCER POOLS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Cooperative Regions of Organic Producer Pools ("CROPP"), by and through its attorneys, Gibbons P.C., hereby responds to Plaintiff Robert Hubal's Complaint ("Plaintiff"), and avers as follows:

1. CROPP is without sufficient information to admit or deny the allegations contained in this paragraph, and on that basis, these allegations are denied.

2. CROPP is without sufficient information to admit or deny the allegations contained in this paragraph, and on that basis, these allegations are denied.

3. CROPP denies this allegation as stated. CROPP is a cooperative association with its headquarters based at One Organic Way, La Farge, Wisconsin 54639.

4. CROPP lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, denies those allegations. CROPP further denies the allegations contained in this paragraph as conclusions of law to which no response is required. To the extent any of the allegations contained in this paragraph are factual in nature, CROPP denies.

5. CROPP admits that it entered into a Dairy Member Agreement with Plaintiff on October 5, 2011. CROPP states that the Dairy Member Agreement is a written document that speaks for itself, and any inconsistent characterization thereof is denied.

6. CROPP admits that under the Agreement, CROPP became an exclusive agent of marketing Plaintiff's organic milk and dairy products. The Agreement referenced in this allegation is a written document that speaks for itself, and any inconsistent characterization thereof is denied.

7. The Agreement and Letter of Intent referenced in this allegation are written documents that speak for themselves, and any inconsistent characterization thereof is denied.

8. The Agreement referenced in this allegation is a written document that speaks for itself, and any inconsistent characterization thereof is denied.

9. The allegations in this paragraph address exhibits attached to the Complaint and no response is required. To the extent a response is required, CROPP answers that it was not served with the exhibits attached to Plaintiff's Complaint.

10. CROPP admits that it began purchasing Plaintiff's organic dairy production in August of 2012. CROPP denies the allegations contained in this paragraph as conclusions of law to which no response is required. The Agreement referenced in this allegation is a written document that speaks for itself, and any inconsistent characterization thereof is denied.

As will be shown through discovery and at trial in this matter, Plaintiff's failure to comply with the Dairy Pool Policy, incorporated into the Dairy Member Agreement, forced: (1) CROPP to suspend purchase of organic milk from Plaintiff in early May of 2016; and (2) CROPP's Board of Directors (the "Board") to subsequently terminate Plaintiff's membership in the Cooperative. As such, CROPP's decision to cease loading Plaintiff's milk onto an organic milk hauler in early May of 2016 was completely justified and necessary to protect the quality and integrity of CROPP's milk supply and in turn CROPP's products.

Specifically, on or around May 5, 2016, CROPP received reports of non-organic grain feed at a regional mill with the name "Hubal" on it. An unannounced visit to Hubal's farm on or around May 7, 2016 confirmed the presence of non-organic grain on the farm in addition to prohibited dairy cow drugs found in the tie-stall area of the barn, where the dairy cows are milked. The Cooperative's response was to start a formal investigation to review if those products were being used as a willful violation of CROPP's policies, as well as others. Plaintiff was notified that his milk could not be loaded on the organic milk hauler, but instead, would be loaded on the conventional milk hauler until the investigation was completed per CROPP's internal policy for the integrity issues that were found on the farm at the time of the unannounced visit.

CROPP continued to coordinate pickup of Plaintiff's milk for delivery on the conventional milk hauler until August 9, 2016. On August 9, 2016, the conventional milk hauler arrived at Plaintiff's property, but was informed that Plaintiff had sold his cows. Accordingly, as of at least August 9, 2016, CROPP understands that Plaintiff did not have any organic cows on his farm that were able to provide milk, either to an organic or conventional milk hauler. Additionally, Plaintiff did not inform CROPP that he had sold his cows, but instead, waited for the conventional hauler to show up at his farm on August 9, 2016.

CROPP's bylaws provide at Section 1.02 that the Board at their discretion may terminate a membership if the Board finds that a member has intentionally or repeatedly violated any provision of CROPP's Articles of Incorporation, Bylaws or Board policies.  Plaintiff was provided proper notice of an August 30, 2016 Board meeting at which the Board resolved to terminate Plaintiff's membership due to integrity issues.  In fact, Plaintiff elected to appear in person before the Board at the August 30, 2016 meeting to be heard.  The Board's termination of Plaintiff's membership pursuant to Section 1.02 of CROPP's bylaws was effective immediately, and the termination did not require 180 days' notice, as Plaintiff contends.

11.    CROPP denies the allegations contained in this paragraph as conclusions of law.   CROPP incorporates the response to Paragraph 10 above.

12.    CROPP denies the allegations contained in this paragraph as conclusions of law to which no response is required.  To the extent any of the allegations contained in this paragraph are factual in nature, CROPP denies.

13.    CROPP denies the allegations contained in this paragraph as conclusions of law to which no response is required.  To the extent any of the allegations contained in this paragraph are factual in nature, CROPP denies.

14.    CROPP denies the allegations contained in this paragraph as conclusions of law to which no response is required.

**WHEREFORE,** Defendant, Cooperative Regions of Organic Producer Pools demands judgment in its favor and against Plaintiff along with such further relief as this Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, *inter alia*, CROPP and CROPP's Board were justified in taking appropriate actions to protect the integrity of CROPP's milk supply and in turn CROPP's products. These actions included the ultimate termination of Plaintiff's membership pursuant to Section 1.02 of the Bylaws on August 30, 2016, which was effective immediately.

### Second Affirmative Defense

Plaintiff's claim against CROPP may be barred in whole or in part because CROPP owed no duty to Plaintiff by operation of law, contract or otherwise.

### Third Affirmative Defense

Plaintiff's claim against CROPP may be barred in whole or in part because CROPP breached no alleged duty owed to Plaintiff.

### Fourth Affirmative Defense

Plaintiff's claim against CROPP may be barred in whole or in part by the applicable statute of limitations.

**Fifth Affirmative Defense**

Plaintiff's claim against CROPP may be barred in whole or in part by the doctrine of laches, equitable estoppel and/or waiver.  In particular, despite the fact that Plaintiff appeared at the August 30, 2016 Board meeting in which his membership was ultimately terminated, Plaintiff never raised the issue (either orally or in writing) that CROPP was required to provide 180 days' notice of termination.  Moreover, and as discussed in paragraph 10 to CROPP's Answer to Plaintiff's Complaint, Plaintiff sold his cows weeks before his membership was officially terminated, and therefore, even with 180 days' notice, Plaintiff was unable to perform pursuant to the Dairy Member Agreement.

**Sixth Affirmative Defense**

Plaintiff's claim against CROPP may be barred in whole or in part by the doctrine of unclean hands.  See response to Fifth Affirmative Defense.

**Seventh Affirmative Defense**

Plaintiff's claim against CROPP may be barred in whole or in part by the terms of the Agreement between Plaintiff and CROPP.   In particular, Plaintiff failed to comply with the CROPP's Dairy Pool Policies, and the Board was forced to terminate his membership because of concerns with respect to integrity.

### Eighth Affirmative Defense

Plaintiff's claim against CROPP may be barred in whole or in part by his misrepresentations to CROPP. In particular, Plaintiff made numerous representations to CROPP, including through the organic certification process, that he was abiding by CROPP's policies. However, visits to the Hubal Farm in May of 2016 confirmed that Plaintiff was not in fact complying with such policies.

### Ninth Affirmative Defense

Plaintiff's claim against CROPP may be barred in whole or in part by his own breach of the Agreement. See response to Eighth Affirmative Defense. CROPP further states that Plaintiff sold his cows before the Agreement was officially terminated, and therefore, he was in breach of the Agreement based upon his inability to provide milk.

### Tenth Affirmative Defense

Plaintiff's claim against CROPP may be barred by the parol evidence rule.

### Eleventh Affirmative Defense

At all relevant times, CROPP acted in good faith and in a reasonable manner.

### Twelfth Affirmative Defense

Plaintiff's claim against CROPP may be barred in whole or in part because Plaintiff has sustained no damages or ascertainable loss.

### Thirteenth Affirmative Defense

Plaintiff's claim against CROPP may be barred in whole or in part by Plaintiff's failure to mitigate damages, if any. In particular, despite the fact that CROPP had arranged for Plaintiff's milk to be picked up by a conventional milk hauler, Plaintiff sold his cows – without any notice to CROPP – in early August of 2016. Plaintiff sold his cows before his membership was officially terminated.

### Fourteenth Affirmative Defense

Plaintiff's claim is barred by a lack of a causal relationship between CROPP's alleged conduct and Plaintiff's alleged damages and losses.

### Fifteenth Affirmative Defense

Any alleged losses or damages allegedly sustained by Plaintiff are due in whole or in part to Plaintiff's breach of the Agreement.

### Sixteenth Affirmative Defense

To the extent any allegation is not specifically admitted, CROPP hereby generally denies all other allegations and reserves the right to amend this Answer to assert additional Separate Affirmative Defenses, cross-claims, third-party claims and objections after full investigation and discovery.

**WHEREFORE**, Defendant, Cooperative Regions of Organic Producer Pools demands judgment in its favor and against Plaintiff along with such further relief as this Court may deem just and appropriate.

**GIBBONS P.C.**

BY: <u>s/Scott J. Etish</u>
Scott J. Etish
Gibbons P.C.
One Logan Square
130 North 18th Street, Suite 1210
215-665-0400
215-636-6636 (fax)
setish@gibbonslaw.com

DATED: <u>July 7, 2017</u>

# **CERTIFICATE OF SERVICE**

I, Scott J. Etish, Esquire, hereby certify that the foregoing Answer & Affirmative Defenses to Plaintiff's Complaint has been electronically filed with the Court and served via the Court's electronic filing system on the following:

> Joseph A. O'Brien, Esq.
> Oliver, Price & Rhodes
> 1212 South Abington Road
> P.O. Box 240
> Clarks Summit, PA  18411
> jaob@oprlaw.com

**GIBBONS P.C.**

  s/Scott J. Etish
          Scott J. Etish

Dated: July 7, 2017